1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN JOSE DIVISION

12

| JAVIER BENAVIDES, | ) | Case No.: 10-CV-02991-LHK |
|---|---|---|
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| v. | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | AND GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner of Social | ) | CROSS-MOTION FOR SUMMARY |
| Security Administration, | ) | JUDGMENT |
| Defendant. | ) | |

Plaintiff Javier Benavides ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to obtain review of the Social Security Administration Commissioner's decision denying his claim for disability benefits. Plaintiff seeks an order reversing the decision, or in the alternative remanding the matter for further consideration with instructions for an award of benefits. Presently before the Court are the parties' cross-motions for summary judgment. Having considered the parties' papers and the administrative record, the Court GRANTS Defendant's motion and DENIES Plaintiff's motion.

1

Case No.: 10-CV-02991-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

# I.   BACKGROUND

### A.  Procedural History

On January 20, 2007, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act.  Plaintiff alleges that he became disabled on May 4, 2006 based upon diabetes, back pain, and depression.  Administrative Transcript ("Tr.") 80-84, 104.  Plaintiff's application was denied initially, and upon reconsideration, based on findings that Plaintiff's impairments were not disabling and that Plaintiff could still perform light work.  Tr. 60-61.  Plaintiff disputes only the finding that his back pain is non-disabling.  Tr. 46-47.

On April 11, 2008, Plaintiff appeared with counsel and testified in an appeal hearing before an administrative law judge (ALJ) of the Office of Disability and Adjudication Review in San Jose, California.  Tr. 39-59.  In a May 14, 2008 decision, the ALJ found that, although Plaintiff had reduced functional capacity due to back impairment, Plaintiff was not disabled because he could still perform "light exertional work" in the national economy.  Tr. 8-21.  The ALJ based his finding on the determination that Plaintiff's self-reported symptoms of back pain were not entirely credible, and upon the absence of objective medical evidence that Plaintiff's injury was completely disabling.  Tr. 8-21.  On May 21, 2010, the Social Security Appeals Council denied Plaintiff's request for review.  Presently before the Court are parties' cross-motions for summary judgment.

### B.  Relevant Factual Background

Plaintiff was born July 6, 1955, and is a high school graduate.  In his application for disability benefits, Plaintiff alleged that he suffers from chronic, severe lower back pain.  Plaintiff worked continuously and paid FICA payroll taxes from 1973 through 2006.  Tr. 86.  In the fifteen years preceding his alleged disability, Plaintiff held jobs as an apartment complex maintenance worker, drill press operator, and exterminator helper.  Tr. 110.  Plaintiff also held an unspecified temporary job in March 2006, but left this position because it involved continuous standing and walking around which led to further back pain.  Tr. 45, 48, 367.  Plaintiff also claims that he suffered from back pain prior to the alleged onset of disability (May 4, 2006), though Plaintiff acknowledges that he controlled his intermittent back pain with a supportive belt.  Tr. 367.

Case No.: 10-CV-02991-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

1    Plaintiff was laid off from his last job as an apartment maintenance worker in March 24, 2006, and

2    went on California state disability benefits in May 2006.  Tr. 45, 110.

3         There is some evidence in the record of Plaintiff's back impairment.  For example, an

4    examination by pain management specialist, Venkat Aachi, M.D. ("Dr. Aachi"), on July 12, 2006

5    revealed paraspinal spasming between the L4-5 and L5-S1 facet joints and a range of back motion

6    reduced to 50-60% of normal.  Tr. 367.  In addition, an MRI scan performed by radiologist

7    Archana B. Rao, M.D. ("Dr. Rao") on October 17, 2006 revealed a collection of multilevel

8    degenerative changes in Plaintiff's spine.  Tr. 196.  Additionally, Plaintiff's primary care physician

9    Philip Creger, M.D. ("Dr. Creger") and Plaintiff's pain specialist Dr. Aachi each completed forms

10   stating that Plaintiff's physical capacity for both standing and sitting were limited.  Finally, at his

11   hearing before the ALJ, Plaintiff testified that his back injury is disabling because he could not sit

12   for more than forty-five minutes or stand for more than twenty minutes without back pain.

13        In the May 14, 2008 Order denying Plaintiff's claim for disability, the ALJ reasoned that

14   other evidence in the record suggests that Plaintiff's back injury was not fully disabling.  For

15   example, during Plaintiff's July 12, 2006 examination by Dr. Aachi reported that Plaintiff's

16   extremities had full sensation and strength of 5/5.  Tr. 367.  The ALJ Plaintiff could also perform

17   straight leg raises (SLR) while sitting.  Although Dr. Aachi initially rated Plaintiff's left leg SLR

18   capacity as only "questionable" (Tr. 367), later examinations revealed full SLR capacity in both

19   legs.  *See, e.g.*, Tr. 399 (March 17, 2008 examination).  Finally, Plaintiff received significant back

20   pain relief, at least temporarily, from facet joint injections into his back.  Tr. 362.

21        Because the ALJ found the Plaintiff not entirely credible, Plaintiff's testimony was

22   discounted.  The disability forms prepared by Plaintiff's physicians were also discounted, to the

23   extent that those reports were based only on the subjective complaints of Plaintiff.

24

25

26

27

28
                                        3

## II. LEGAL STANDARDS

### A. Standard for Reviewing the ALJ Decision

The Court has authority to review the ALJ decision pursuant to 42 U.S.C. § 405(g). The Court may only disturb the ALJ decision if it is unsupported by substantial evidence in the record as a whole or if it is not an application of the proper legal standard. 42 U.S.C. § 405(g); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). This substantial evidence standard applies when reviewing the ALJ's credibility determinations. *Thomas v. Barnhart,* 278 F.3d 947, 959 (9th Cir. 2002).

### B. Standard for Determining Disability

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must also be so severe that a claimant is unable to do her previous work, and cannot "engage in any other kind of substantial gainful work which exists in the national economy," given her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). "The claimant carries the initial burden of proving a disability." *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). If the claimant proves a prima facie case of disability, i.e., showing that (1) she is not presently engaged in a gainful activity, (2) that her disability is severe, and (3) that she cannot perform work she has done in the past, then the Commissioner has the burden of establishing that she can perform "a significant number of other jobs in the national economy." *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002). "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." *Id.*

Case No.: 10-CV-02991-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

The ALJ evaluates Social Security disability cases using a five-step evaluation process.  20 C.F.R. § 404.1520:

> 1) The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity.  20 C.F.R. § 404.1520(b).  If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

> 2) The ALJ must determine whether the claimant has a severe impairment or combination of impairments.  20 C.F.R. § 404.1520(c).  If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

> 3) The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments, 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. § 404.1520(d).  If so, the claimant is disabled; otherwise the analysis proceeds to step four.

> 4) The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments. 20 C.F.R. § 404.1520(e).  If the claimant can still perform work that the individual has done in the past, the claimant is not disabled.  If he cannot perform the work, the evaluation proceeds to step five.  20 C.F.R. § 404.1520(f).

> 5) In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled.  The Commissioner must show that the claimant can perform some substantial gainful work in the national economy, considering a claimant's age, education, and vocational background.  20 C.F.R. § 404.1520(g)(1).

**C.  Standard for Finding the Claimant Unreliable**

The ALJ must support a finding that the claimant's subjective testimony is not reliable with specific, clear and convincing evidence from the record.  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  Among the factors the ALJ may consider are "inconsistencies either in claimant's testimony or between [his] testimony and [his] conduct, claimant's daily activities, [his] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains."  *Id.* at 958-59.  A treating physician's reports may

1   be discounted if based upon an unreliable patient's self-reported symptoms.  *See Bray v. Astrue*,

2   554 F.3d 1219, 1228 (9th Cir. 2009).

### III. ANALYSIS

4   The dispute here turns on step four of the ALJ's evaluation process, namely the ALJ's

5   determination of Plaintiff's residual functional capacity ("RFC").  The ALJ found that although

6   Plaintiff's back injury significantly limits his range of work activities, Plaintiff can still perform

7   light exertional work, and is therefore not disabled under the Social Security Act.  Tr. 21.

8   Plaintiff's appeal rests primarily upon the January 2008 recommendations by his treating

9   physicians, Drs. Creger and Aachi.  *See* Tr. 389-398.  Specifically, the treating physicians filled out

10   disability insurance forms on which they recommended restricted work activities, including limited

11   time standing and sitting.  *Id*.  Although the ALJ acknowledged these "checkmark-the-box" and

12   "fill-in-the-blank" forms supplied by Plaintiff's attorney, the ALJ discounted the weight of these

13   recommendations as inconsistent with substantial evidence in Plaintiff's medical record.  Tr. 18-20.

14   The ALJ also determined that Plaintiff's testimony was not entirely credible because such

15   testimony was inconsistent with Plaintiff's statements to his doctors throughout the record.  *Id*. at

16   19.  Plaintiff argues that the treating physician's recommendations were improperly discounted.

17   The Court finds that substantial evidence in the record supports the ALJ's findings that

18   Plaintiff was not fully disabled and that Plaintiff still had the RFC to perform light work.  The ALJ

19   based his findings, in part, on the April 5, 2007 report of Dr. W.G. Jackson, a state agency medical

20   consultant and surgeon.  Tr. 17-18, 20, 338.  Dr. Jackson noted that Plaintiff did not report

21   difficulty sitting, could perform SLRs, and had normal neurological examinations.  *Id.*  Dr. Jackson

22   determined that despite Plaintiff's reports of intermittent back pain aggravated by standing and the

23   presence of mild clinical abnormalities, Plaintiff was able to perform a wide range of light work.

24   *Id.*  This finding is consistent with Plaintiff's statements to his treating doctors.  As acknowledged

25   in Plaintiff's own motion for summary judgment, Plaintiff reported to his primary care physician

26   that his back pain is "worse the longer he stands, and when he sits, rests it is okay again."  Tr. 205.

27

28

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     The ALJ also properly reasoned that Dr. Creger's and Dr. Aachi's recommendations should be discounted to the extent they were based upon Plaintiff's "not entirely credible" self-reported symptoms.  Tr. 20.  To the extent that a treating physician's reports are based on a non-credible patient's self-reported symptoms, they may be properly discounted.  *See Bray v. Astrue*, 554 F.3d 1219, 1228 (9th Cir. 2009) (finding that "it is reasonable to discount a physician's prescription that was based on those less than credible statements").  Under 20 C.F.R. 404.1527(d)(3), addressing medical evidence, "the better an explanation a source provides for an opinion, the more weight we will give that opinion."  The ALJ also noted that Drs. Creger and Aachi gave no narrative rationale for their form recommendations, and that the doctors' weight-lifting recommendations are inconsistent with Plaintiff's testimony.  Tr. 20.  For example, Dr. Aachi opined that Plaintiff was only capable of lifting no more than 10 pounds, but Plaintiff testified at the hearing that he was able to lift up to 35 pounds on a regular basis.  *Id*.

     Furthermore, there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff's testimony was not entirely credible.  The ALJ pointed to numerous inconsistencies between Plaintiff's testimony at the hearing and Plaintiff's statements to his doctors in the medical record.  *See Bray*, 554 F.3d at 1227 ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").  For example, the ALJ noted that despite Plaintiff's testimony that he cannot sit for more than forty-five minutes, he complained to his doctors of difficulty sitting only on May 3 and 4, 2007, shortly after his application of disability insurance was denied on the same basis.  Tr. 18; *see also* Tr. 49, 426, 377.  The ALJ noted additional facts in the record inconsistent with a finding of completely disabling back pain.  Despite Plaintiff's statements at the hearing that he could not sit for more than 45 minutes, Plaintiff's prior statements to his doctors only involved complaints with respect to prolonged standing and walking.  Tr. 19.  Moreover, a June 2006 medical report from Plaintiff's own treating physician, Dr. Aachi, concluded that Plaintiff's neurological examination was normal, and thus not indicative of a fully disabling back injury.  Tr. 367.  In addition, in a face-to-face meeting with Plaintiff, Social Security

Case No.: 10-CV-02991-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

1    Administration field officers observed that Plaintiff had no apparent difficulty sitting, standing, or

2    walking.  Tr. 142.  The fact that Plaintiff received only conservative treatment, such as facet block

3    injections and back braces, and responded well to those treatments (*see, e.g.* Tr. 362); is able to

4    perform daily activities (e.g., driving, grocery shopping, and housework) without limitation; and

5    only uses pain medication rarely, if at all, is all further evidence in support of the ALJ's

6    determination that Plaintiff's subjective complaints of completely disabling back pain were not

7    entirely credible.  Tr. 19, 49.

8         Moreover, it is worth noting that the ALJ actually accepted Plaintiff's claim of back-related

9    impairments.  Tr. 13 (acknowledging Plaintiff's medically determinable back impairments).  Based

10   upon the entire record, including the opinions of State agency physicians, the ALJ found that

11   Plaintiff still had the RFC to perform light work, including his prior work as a drill press operator.

12   Specifically, the ALJ concluded that Plaintiff was limited to: lifting and carrying no more than 20

13   pounds occasionally and 10 pounds frequently; standing and/or walking no more than six hours in

14   an eight-hour workday; sitting no more than six hours in an eight-hour workday.  Tr. 14.  The ALJ

15   also limited Plaintiff to only occasional climbing, balancing, stooping, kneeling, crouching, and

16   crawling.  *Id.*  As noted above, these findings are supported by substantial evidence in the record

17   that Plaintiff's back pain is not completely disabling.  *See* 20 CFR 404.1527(f)(2)(i)

18   ("administrative law judges must consider findings and other opinions of State agency medical and

19   psychological consultants and other program physicians, psychologists, and other medical

20   specialists as opinion evidence").  In addition, the ALJ's determination that Plaintiff's RFC

21   allowed him to perform past relevant work as a drill press operator is supported by the Dictionary

22   of Occupational Titles, which describes the typical duties of a drill press operator.  *See* Tr. 21;

23   Employment and Training Administration, U.S. Dep't of Labor, *Dictionary of Occupational Titles*

24   534 (4th ed. 1991) (the duties include positioning work pieces, operating the machine, and

25   inspecting the final product).  As explained in the ALJ's decision, work as a drill press operator is

26   generally performed in the national economy and can be performed by an individual, such as

27   Plaintiff, that is capable of performing no more than light work.  Tr. 21.

28
8

Case No.: 10-CV-02991-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV. CONCLUSION

In sum, the ALJ's decision that Plaintiff is not disabled under the Social Security Act is supported by substantial evidence in the record.  Accordingly, Plaintiff's motion for summary judgment is DENIED, and Defendant's motion for summary judgment is GRANTED.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 21, 2011



LUCY H. KOH
United States District Judge

Case No.: 10-CV-02991-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT